■ In the Matter of the Claim of PAUL M. O'LEARY, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— This is an appeal from a decision of the Unemployment Insurance Appeal Board affirming the decision of a Referee which sustained the initial determination of the Industrial Commissioner. There is substantial evidence contained in the record, including the claimant's own statements, to support the factual finding made by the board that the claimant lost his employment through misconduct (*Matter of Baida* [*Catherwood*], 18 A D 2d 945 [false and premature entries on time cards]). In his brief the claimant alleges discrimination because of his religious belief and of his espousal of unionization. But these contentions were not raised before the Commissioner, the Referee or the board and no proof was offered to support them. As we find the board's conclusion was supported by substantial evidence we are required to accept it as final and conclusive (Unemployment Insurance Law [Labor Law, art. 18], § 623; *Matter of Morton*, 284 N. Y. 167, 170; *Matter of Ianni* [*Catherwood*], 14 A D 2d 469). Decision affirmed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARTIN JOSEPH CUNNEELY, Appellant, v. J. EDWIN LA·VALLEE, as Warden of Clinton Prison, Respondent.— Appeal from an order of the County Court, Clinton County, dismissing relator's writ of habeas corpus without a hearing. Relator alleges that section 472 of the Code of Criminal Procedure was not complied with at the time of his sentencing on October 29, 1948, following a plea of guilty to the crime of robbery, first degree. The court below denied the writ on the grounds that relator was represented by counsel at his sentencing citing *People ex rel. Thierry* v. *La Vallee* (11 A D 2d 579). The record before the court below, however, does not substantiate this position. While the record indicates relator was assigned counsel on October 19, 1948, it does not indicate that such counsel was present on the 29th and yet at the same time specifically indicates a codefendant appeared with his court-appointed counsel. Respondent did not answer relator's petition or submit any proof in rebuttal thereof to the court below. In view of this state of the record, the court below should properly have held a hearing on the issue. Before this court respondent urges there was compliance with section 472 because of the production of evidence that October 29, 1948 was the last day of the term of the sentencing court (*People ex rel. Lipschultz* v. *Jackson*, 8 A D 2d 642; *People* v. *Spencer*, 179 N. Y. 408) and additionally because it produced an affidavit from relator's court-appointed attorney asserting he was in fact present at the sentencing. This evidence was not, however, before the court below nor has relator had an opportunity to controvert it should he so choose (see *People ex rel. Kelly* v. *Wilkins*, 14 A D 2d 490). Order reversed, on the law and the facts, without costs, and matter remitted to the County Court of Clinton County for further proceedings in accordance herewith. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.